# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 22-596V

| | |
|---|---|
| MEGAN HARTZ,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: September 20, 2024 |

*Catherine Wallace Costigan, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Julianna Rose Kober, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On May 31, 2022, Megan Hartz filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table injury – a shoulder injury related to vaccine administration ("SIRVA") - as a result of her receipt of the flu vaccine on October 5, 2020. Petition at 1, 4. The case was assigned to the Special Processing Unit of the Office of Special Masters. Because the parties could not informally resolve the issue of damages, they were ordered to file briefs setting forth their respective arguments and

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

were notified that I would resolve this dispute via an expedited "Motions Day" hearing, which ultimately took place on September 20, 2024.

Petitioner seeks an award of $80,000.00 in compensation for Petitioner's actual pain and suffering, while Respondent recommends an award of $42,500.00. Additionally, Petitioner seeks an award of unreimbursed expenses of $36.22 representing her mileage calculated at the IRS business rate. Respondent recommends an award of $10.49 representing Petitioner's mileage calculated at the IRS medical rate.

After listening to the arguments of both sides, I issued an oral ruling on damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A), at the conclusion of the September 20, 2024 hearing. An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded. As discussed during my oral ruling, in another recent decision I discussed at length the legal standard to be considered in determining damages and prior SIRVA compensation within SPU. I fully adopt and hereby incorporate my prior discussion in Section VII (A) and (B) of *Crawford v. Sec'y of Health & Hum. Servs.*, No. 19-0544V, 2024 WL 1045147, at *20-22 (Fed. Cl. Feb. 5, 2024) to the instant ruling and decision. Additionally, the official recording of my oral ruling includes my discussion of various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed my decision awarding damages herein.

Based on my consideration of the complete record as a whole and for the reasons discussed in my oral ruling, pursuant to Section 12(d)(3)(A), **I find that $50,000.00 represents a fair and appropriate amount of compensation for Petitioner's actual pain and suffering.**[3] **I also find that Petitioner is entitled to $36.22 in actual unreimbursable expenses, representing Petitioner's incurred mileage calculated at the IRS business rate.**[4]

Accordingly, **I award Petitioner a lump sum payment of $50,036.22 (representing an award of $50,000.00 for pain and suffering and $36.22 for**

---

[3] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

[4] I discussed in several past decisions my reasoning in awarding the IRS business rate for mileage incurred in Program claims, and I referred to those decisions at the hearing. *See, e.g., Tappendorf v. Sec'y of Health & Hum. Servs.*, No. 20-1592V, 2024 WL 1299566, at *5-6 (Fed. Cl. Feb. 23, 2024); *Gibson v. Sec'y of Health & Hum. Servs.*, No. 20-0243V, 2022 WL 17820891, at *12 (Fed. Cl. Spec. Mstr. Oct. 5, 2022); *Kleinschmidt v. Sec'y of Health & Hum. Servs.*, No. 20-0680V, 2023 WL 9119039, at *7 (Fed. Cl. Spec. Mstr. Dec. 5, 2023).

**unreimbursed expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.